UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRELL K. BROCK,

                              Plaintiff,

        -against-

CVS CORPORATION; MANAGER LEO; CITY
OF WHITE PLAINS; WHITE PLAINS
DEPARTMENT OF PUBLIC SAFETY,

                              Defendants.

22-CV-4014 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

        Plaintiff, currently incarcerated at the Orleans Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that in April 2020, he was falsely arrested on two

occasions, and that in both instances the charges were dismissed. By order dated May 17, 2022,

the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma

pauperis* (IFP).[1]

### STANDARD OF REVIEW

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.      Claims against the WPDPS

Plaintiff's claims against the WPDPS must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

### B.      Claims against John or Jane Doe WPDPS police officers

In light of Plaintiff's *pro se* status and clear intention to assert claims against the WPDPS police officers who arrested him, the Court construes the complaint as asserting claims against those police officers, and directs the Clerk of Court to amend the caption of this action to replace the WPDPS with WPDPS John or Jane Doe police officers. Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the Doe officers may wish to assert.

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the City of White Plains Law Department to identify the John or Doe WPDPS police officers who arrested Plaintiff in the CVS store on Mamaroneck Avenue on April 13, 2020, and at an unknown location on April 3, 2020. It is therefore ordered that the City of White Plains Law Department, which is the attorney for and agent of the WPDPS, must

2

ascertain the identity and badge number of each John or Jane Doe police officer whom Plaintiff seeks to sue here and the address where each defendant may be served. The City of White Plains Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John or Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John or Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**C.     Order of service**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v.*

*Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

 To allow Plaintiff to effect service on Defendants CVS Corporation, "Manager Leo," and the City of White Plains through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

 Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

 The White Plains Department of Public Safety is dismissed from the action. 28 U.S.C. § 1915(e)(2)(B)(ii.)

 The Clerk of Court is directed to: (1) add to the caption "White Plains Department of Public Safety John or Jane Doe police officers"; (2) issue summonses for CVS Corporation, CVS Manager Leo, and the City of White Plains, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service; (3) mail a copy of this order and the complaint to the City of White Plains Law Department at: 255 Main Street, White Plains, New York, 10601; and (4) mail an information package to Plaintiff.

 An amended complaint form is attached to this order.

4

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 20, 2022
         White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      CVS Corp.
        9 City Place
        White Plains, New York 10601

2.      CVS Manager "Leo"
        9 City Place
        White Plains, New York 10601

3.      City of White Plains
        City of White Plains Law Department
        255 Main Street
        White Plains, New York, 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

22 CV 4014 (VB)

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                    State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|
| First Name | Middle Initial | Last Name |
| Prison Address | | |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____