UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TERRELL K. BROCK,
                Plaintiff,

v.

CVS CORPORATION; LEONARDO
CORONADO; ASHLEY CAMACHO; CITY OF
WHITE PLAINS; JOSE LUIS FORMOSO; P.O.
C. BROWNING; P.O. SCHNEIDER; P.O.
BEALL; P.O. VANDERWALKER; P.O.
LEVITO; P.O. GLYNN; P.O. DIPATERIO; P.O.
HORGAN,
                Defendants.
--------------------------------------------------------------x

**ORDER AND FOURTH AMENDED ORDER OF SERVICE**

22 CV 4014 (VB)



      Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action on May 16, 2022. (Doc. #2). By Orders dated November 21, 2022 (Doc. #37), and December 7, 2022 (Doc. #53), the Court set out additional, relevant procedural history of the case.

      By Order dated December 7, 2022, the Court extended plaintiff's time to file his third amended complaint to January 23, 2023. (Doc. #53). The Court also directed plaintiff to include in his third amended complaint the names of all defendants, including the officers newly identified by the White Plains Law Department ("WPLD"). (Id.).

      On December 19, 2022, the Court received from plaintiff (i) a third amended complaint, dated November 30, 2022, and postmarked December 12, 2022, which added defendants Police Officers Beall, Schneider, and Vanderwalker, but not the additional officers newly identified by the WPLD (Doc #58), and (ii) a letter from plaintiff postmarked December 13, 2022, in which plaintiff states he is "unaware if I added all 6 officers names" to his third amended complaint. (Doc. #57).

      By Order dated December 20, 2022, the Court: (i) directed plaintiff to file a fourth amended complaint and to include the names of all defendants, including the newly identified White Plains police officer defendants; (ii) continued the stay of plaintiff's service deadline pursuant to Rule 4(m) of the Federal Rules of Civil Procedure pending further Court Order; and (iii) continued the stay of all parties' deadline to answer, move, or otherwise respond to the complaints and any cross-claims. (Doc. #59).

      On January 6, 2023, plaintiff filed a fourth amended complaint, which adds White Plains Police Officers DiPaterio, Glynn, Horgan, and Levito as defendants. (Doc. #60).

      The fourth amended complaint does not include defendant Police Officer Vanderwalker, whom plaintiff previously named as a defendant in the third amended complaint. However, plaintiff alleges in the fourth amended complaint, "On 4/13/20 I was falsely arrested for petit

1

larceny." (Id.). This allegation is consistent with plaintiff's identical allegation in the third amended complaint, (Doc. #58), and with the WPLD's statement: "On April 13, 2020, Terrel Brock was arrested and charged with Larceny, Penal Law sec 155. . . . Mr. Brock was arrested by Officer Vanderwalker." (Doc. #47). The WPLD further agreed to accept service for Officer Vanderwalker. (Doc. #49).

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." See Anwar v. Fairfield Greenwich, Ltd., 118 F. Supp. 591, 618–19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under Rule 21, courts have added as defendants individuals and entitles who are not named as defendants in the complaint but are alleged to be involved in the underlying deprivations. See George v. Westchester Cnty. Dep't of Corr., 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020). Accordingly, in light of plaintiff's allegations, the WPLD's identification of Police Officer Vanderwalker as being involved in one of plaintiff's arrests, plaintiff's pro se status, and plaintiff's clear intention to assert claims against Police Officer Vanderwalker, the Court construes the fourth amended complaint as asserting claims against Police Officer Vanderwalker.

Because plaintiff is proceeding in forma pauperis, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013).

Although Rule 4(m) generally requires that summonses and the complaint be served within ninety days of the date the complaint is filed, plaintiff is proceeding in forma pauperis and could not have served summonses and the fourth amended complaint until the Court reviewed the fourth amended complaint and ordered that summonses are issued for the newly identified defendants. The Court therefore extends the time to serve until ninety days after the date summonses are issued. If the fourth amended complaint is not served within that time, plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012).

Accordingly, it is HEREBY ORDERED:

1.    The Clerk of Court is directed to: (i) add defendants Police Officer Horgan and Vanderwalker to the docket; (ii) issue summonses for Police Officers Beall, DiPaterio, Glynn, Horgan, Levito, Schneider, and Vanderwalker; (iii) complete the USM-285 forms with the addresses for Police Officers Beall, DiPaterio, Glynn, Horgan, Levito, Schneider, and Vanderwalker, and the updated address for Police Officer Formoso, and deliver all documents necessary to effect service to the U.S. Marshals Service.

2.    To date, proof of service for defendant Police Officer Formoso has not been filed on the docket. The U.S. Marshals Service is instructed to serve Police Officer Formoso with the previously-issued summons and the fourth amended complaint.

3. Plaintiff's Rule 4(m) deadline to serve the remaining defendants is extended to ninety days after the date summonses are issued for Police Officers Beall, DiPaterio, Glynn, Horgan, Levito, Schneider, and Vanderwalker.

4. The time for all parties to answer, move, or otherwise respond to the fourth amended complaint and any cross-claims remains STAYED pending further Court Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: January 11, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

## SERVICE ADDRESSES

1. Police Officer Beall
   City of White Plains Law Department
   255 Main Street
   White Plains, NY 10601

2. Police Officer DiPaterio
   City of White Plains Law Department
   255 Main Street
   White Plains, NY 10601

3. Police Officer Formoso
   City of White Plains Law Department
   255 Main Street
   White Plains, NY 10601

4. Police Officer Glynn
   City of White Plains Law Department
   255 Main Street
   White Plains, NY 10601

5. Police Officer Horgan
   City of White Plains Law Department
   255 Main Street
   White Plains, NY 10601

6. Police Officer Levito
   City of White Plains Law Department
   255 Main Street
   White Plains, NY 10601

7. Police Officer Schneider
   City of White Plains Law Department
   255 Main Street
   White Plains, NY 10601

8. Police Officer Vanderwalker
   City of White Plains Law Department
   255 Main Street
   White Plains, NY 10601